OPINION — AG — ** MAINTAINING PRISONERS — EXPENSES ** IF AN ITEM CLAIMED BY THE SHERIFF COMES WITHIN THE CLEAR MEANING OF THE WORDS "KEEPING, FEEDING AND MAINTAINING PRISONERS", OR IS AN ITEM WHICH HAS BEEN TRADITIONALLY INCLUDED WITHIN THE MEANING OF THAT LANGUAGE, IT IS INCUMBENT UPON THE BOARD OF COUNTY COMMISSIONERS TO PAY THE SHERIFF HIS ACTUAL EXPENSES WHEN THEY ARE PROPERLY JUSTIFIED BY RECEIPTS AND OTHER PROOF OF PAYMENT AND ACCOMPANIED BY THE APPROVAL OF THE DISTRICT ATTORNEY. THE FORMULA FOR SUCH PAYMENT IS SPECIFICALLY SET OUT IN 19 O.S. 180.43 [19-180.43](C). THE LANGUAGE OF 19 O.S. 410.8 [19-410.8] CONTEMPLATES A PAYMENT TO THE SHERIFF TO VENDORS FOR ITEMS USED IN BOARDING PRISONERS AND SUBSEQUENT REIMBURSEMENT BY THE BOARD OF COUNTY COMMISSIONERS UPON SUBMISSION OF A PROPER CLAIM ACCOMPANIED BY THE APPROVAL OF THE DISTRICT ATTORNEY. THE COUNTY MAY `NOT' PAY A SHERIFF FOR FOOD ON HAND ON THE EFFECTIVE DATE OF 19 O.S. 180.43 [19-180.43](C). A VALID CLAIM FOR THE FOOD AND SUPPLIES ON HAND AS THE EFFECTIVE DATE OF THE ACT COULD ONLY BE SUBMITTED AS THE FOOD AND SUPPLIES ARE USED IN THE FEEDING OF PRISONERS IN THE JAIL AND ACCORDING TO THE FORMULA PROVIDED BY STATUTE. THE SALARY EXPENSE OF COOKS AND ASSISTANTS HIRED FOR THE PREPARATION OF FOOD FOR PRISONERS IN COUNTY JAILS IS `NOT' AN ITEM INCLUDABLE WITHIN THE MEANING OF THE WORDS "KEEPING, FEEDING AND MAINTAINING PRISONERS". COOKS AND ASSISTANTS HIRED FOR THE PURPOSE OF PREPARING AND SERVING MEALS TO PRISONERS SHOULD BE COMPENSATED AS ARE OTHER EMPLOYEES OF THE OFFICE OF THE SHERIFF. THE LEGISLATURE DID `NOT' INTEND THAT THE EXPENSE OF THE FEEDING OF THE SHERIFF AND HIS EMPLOYEES BE REIMBURSED BY THE COUNTY. THE STATUTE WAS INTENDED TO REIMBURSE THE SHERIFF FOR HIS ACTUAL EXPENSES IN THE FEEDING OF PRISONERS AND DOES `NOT' INCLUDE THE EXPENSE OF FEEDING THE SHERIFF OR HIS EMPLOYEES (DEPUTIES). IT WAS THE INTENT OF THE LEGISLATURE IN ENACTING 19 O.S. 180.43 [19-180.43](C) TO REMOVE THE OPPORTUNITY FOR A COUNTY SHERIFF TO REALIZE A PROFIT OUT OF THE FEEDING THE PRISONERS CONFINED IN THE COUNTY JAILS OF THIS STATE. TO THAT EXTENT, THE LEGISLATIVE ABROGATES THE LANGUAGE OF `BOARD OF COUNTY COMMISSIONERS, TULSA COUNTY V. MARS, SHERIFF', RELATING TO PROFITS REALIZED BY THE SHERIFF. HOWEVER, IT IS CLEAR THAT THE COUNTY HAS `NO' INTEREST WHATSOEVER IN THE TRANSACTION BETWEEN THE SHERIFF AND THE FEDERAL GOVERNMENT AS TO THE REIMBURSEMENT BY THE UNITED STATES FOR THE KEEPING OF FEDERAL PRISONERS. TO THE EXTENT, THE `MARS' REMAINS VIABLE. IT IS THE DUTY OF THE COUNTY SHERIFF OF THIS STATE TO FOLLOW THE PROVISIONS OF 57 O.S. 4 [57-4] AND TO SERVE EACH PRISONER IN THE COUNTY JAIL "THREE TIMES EACH DAY WITH WHOLESOME FOOD, WHICH SHALL BE WELL COOKED AND IN SUFFICIENT QUANTITY". THE SHERIFF IS ENTITLED TO BE REIMBURSED HIS ACTUAL EXPENSES FOR KEEPING, FEEDING AND MAINTAINING OF PRISONERS ON PER PRISONER PER DAY BASIS ONLY AND IT IS IMPOSSIBLE FOR THE "AMOUNT ALLOWABLE" TO ACCUMULATE. (FEDERAL FUNDS, JAILS) CITE: OPINION NO. NOVEMBER 16, 1957 — JENNER, 19 O.S. 410.8 [19-410.8], 57 O.S. 16 [57-16], 57 O.S. 17 [57-17] (MICHAEL CAUTHRON)